UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. HARRIS,

    Plaintiff,                        Case No. 2:20-CV-11368
                                            Hon. Arthur J. Tarnow

v.

KARI NADER, OFFICER ZLIKER,

    Defendants.
_____/

## OPINION AND ORDER TRANSFERRING THE CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Willie J. Harris, presently confined at the Ionia Correctional Facility in Ionia, Michigan, and proceeding *pro se*, filed this civil rights action alleging sexual assault and retaliation by prison workers. ECF No. 1. Plaintiff captioned his complaint with a header referring to the United States District Court, Western District of Michigan, but mailed the complaint to the Clerk's Office in the Eastern District of Michigan. *Id*. at PageID.14.

Venue is not proper in this district. Venue lies in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it

might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000) (Gadola, J.); 28 U.S.C. § 1404(a). When venue is improper, a court may transfer a civil action to the appropriate federal district court *sua sponte. See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Not only has he has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district, *see Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001), Plaintiff labeled the complaint as brought in the Western District of Michigan.[1] ECF No. 1, PageID.1, 12, 13. The incidents complained of occurred in Ionia County, which is in the Western District of Michigan. 28 U.S.C. § 102(b). Plaintiff's exhibits demonstrate the incident arose in that district, as his grievances contain the code "ICF," which is the MDOC's reference for the Ionia Correctional Facility. *See*, *e.g.*, *id*. at PageID.6, 7. The Court concludes that venue in this lawsuit lies in the United States District Court for the Western District of Michigan, and the Court orders that the case be transferred to the Western District of Michigan.

---

[1] The Court concludes that Plaintiff's reference to the Eastern District of Michigan in his jurisdiction and venue statement, ECF No. 1, PageID.13, is in error. Regardless, the events took place in Ionia, which governs venue; and from his repeated use of the court's name in the caption, it appears that Plaintiff intended that the complaint be filed in the Western District.

## II. ORDER

For the reasons stated above, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                                _s/Arthur J. Tarnow_____
                                                Arthur J. Tarnow
Dated:      June 15, 2020         United States District Judge